## MAGEE vs. THE STATE.

[INDICTMENT FOR ASSAULT WITH INTENT TO MURDER.]

1. *Relevancy of evidence identifying and describing place where assault was committed.* The identity and description of the place where the alleged assault was committed being a material question in the case ; and it being shown that the accused had undertaken to pilot the person assaulted through the woods, a witness who had seen the person assaulted, both before and after the commission of the assault, the intervening period of time being three or four hours, may be asked by the prosecuting attorney, " if he examined a place designated by H. [the assaulted person] as the place where he was shot," when it appears that the question was introductory of another respecting the marks of a recent struggle in the designated place, and that the court instructed the jury, at the time the evidence was admitted, " that the designation of a place by said H., as the place where he was shot, would be no evidence that it was the place where he was shot, nor that he was shot at all."

APPEAL from the Circuit Court of Mobile.
Tried before the Hon. C. W. RAPIER.

THE prisoner in this case, Adam Magee, was indicted for an assault with intent to murder one William Hutto, and, during his trial, reserved the following bill of exceptions to the rulings of the presiding judge :

" On the trial of this cause, after having introduced testimony tending to show that the prisoner had undertaken to pilot through the woods one Hutto, the person alleged to have been assaulted, the State introduced one Hall as a witness, who testified, that he saw Hutto, on the day on which he was shot, pass along the road by the house of one Gressett, about 11 or 12 o'clock; that Hutto stopped and talked with him ; and that three or four hours afterwards, witness, while on his way home, met Hutto, who had then been shot. The solicitor then asked the witness, if he examined a place designated by Hutto as the place where he was shot. The prisoner, by his counsel, objected to this question. The solicitor then stated to the court, that the next question he would ask

was, "Did you find any tracks, or a bush shot down, or any marks of a scuffle about such place, and what were they?" The court permitted the question to be asked, and stated to the jury, at the time, that the designation of a place by Hutto, or by any one else, as the place where Hutto was shot, would be no evidence that it was the place where Hutto was shot, nor that he was shot at all; to which ruling of the court, permitting said question to be asked, the prisoner, by his counsel, excepted. There was testimony tending to show, that the prisoner admitted that he had shot Hutto; and that he had at one time stated that he did not know what made him do it, and, at another time, that it was accidental. And the court is prayed to allow, sign, and seal this bill of exceptions," &c.

JOHN HALL, for the prisoner.

M. A. BALDWIN, Attorney-General, contra.

RICE, C. J.—The defendant was indicted for an assault on William Hutto, with intent to murder him. There was evidence tending to show, that the defendant had undertaken to pilot Hutto through the woods; that at about 11 or 12 o'clock, Hutto stopped at the house of one Gressett, and talked with the witness Hall; that Hutto at that time was not shot; that some three or four hours afterwards, witness, being on his way home, met Hutto, who had then been shot. It is perceivable from that evidence, the nature of the issue before the jury, and the second question which the solicitor proposed to ask the witness Hall, that among the material matters bearing upon the issue, were the two following: 1st, the *identity* of the place at which Hutto was shot; 2d, the *description* of that place, and of any evidences of a struggle, or scuffle, or of violence, and also of tracks that may have been there.

It is also perceivable from the second question which the solicitor proposed to put to the witness Hall, that the object of the solicitor was to get from Hall *a description* of the tracks, and of the marks of violence he saw, at the

place which he was induced to examine because it was designated by Hutto as the place where the latter was shot. And, as *merely introductory* of *that description,* the solicitor put the first question to Hall, to ascertain "if he examined a place designated by Hutto as the place where he was shot." That question was allowed, not as any evidence that it was the place where Hutto was shot, or that Hutto was shot at all, but as merely introductory of *the description* which it was the object of the solicitor to obtain from the witness Hall.—See 1 Greenlf. on Ev. § 434; 3 Phil. on Ev. (edition of 1839,) 428–440; Hawkins v. Van Wickle, 6 Martin's Louisiana Rep. N. S. 418; Davenport v. Crenshaw, 6 Ala. 390; Cuthbert v. Newell, 7 Ala. 457; 4 Dev. Rep. 606; 1 Ala. 84.

The order to be pursued in the introduction of evidence, is not absolutely prescribed by law. A party cannot be required to adduce all at once, where it consists of different parts. Evidence having a tendency to prove any material fact in the case, and fit to be weighed and considered by the jury in the determination of such fact, is legal in itself, and cannot be rejected on the ground that something more may be necessary to establish the fact. Evidence may be relevant for one purpose, and not for another. When relevant for any purpose, and offered generally, there is no error in admitting it. See Bell v. Rhea, 1 Ala. 84, and authorities cited *supra.*

In view of the foregoing principles and authorities, and of the limitations and restrictions with which the first question to Hall was allowed, we cannot say that the court below erred in allowing it. We must, therefore, affirm the judgment of the court below.