## Bullard v. Johns.

### *Action by Non-resident, on Promissory Note.*

*Security for costs by non-resident.* — An indorsement on the complaint, in these words, "E. Brooks, security for costs," which is shown to have been written by the plaintiff's attorney, in the presence of said Brooks, and by his direction, is not a compliance with the statute (Rev. Code, § 2802), which requires security for the costs in actions by non-residents; but is void under the statute of frauds (Rev. Code, § 1862), and incapable of confirmation or amendment.

APPEAL from the Circuit Court of Cleburne.
Tried before the Hon. WM. L. WHITLOCK.

[Bullard v. Johns.]

JAMES AIKEN and W. H. SMITH, for appellant.

ELLIS & CALDWELL, contra.

BRICKELL, J. — The appellant, a non-resident of the State, commenced an action against the appellee, founded on a promissory note. On the complaint is this indorsement, " E. Brooks, security for costs." The appellee moved a dismissal of the suit, because security for costs had not been given, as the statute requires. On the hearing of this motion, it appeared the indorsement recited above was made by the attorney of the plaintiff, at the commencement of the suit, by the request and authority of said Brooks, with a view of binding him as security for costs. This indorsement, the court ruled, was not a sufficient security for costs. Brooks being in court, the plaintiff proposed to amend by giving a security in proper form, which the court refused, and dismissed the suit. These rulings of the court, which were excepted to, are now assigned as error.

A securityship for costs is " a promise to answer for the debt, default, or miscarriage of another," obnoxious to the statute of frauds, unless in writing, subscribed by the party to be charged, or some other person by him thereunto lawfully authorized in writing. Rev. Code, § 1862. A mere verbal promise to be liable for the costs, as security for him who is primarily liable, would be void, and incapable of enforcement by suit. Therefore, to constitute a securityship for costs, as contemplated by the statute, there must be an obligation, or agreement in writing, subscribed by the party to be charged, or by some one for him having authority in writing. The indorsement on the complaint in this case appears to have been made upon a mere verbal authority given by Brooks to the attorney. Such indorsement imposed no obligation or liability on Brooks, and was a mere nullity. It was not a security for costs, and the court did not err in so declaring; nor was it an imperfect or defective securityship, capable of amendment by the substitution of sufficient security. It was void, by the express terms of the statute of frauds, and incapable of being made the basis of a security conforming to the statute.

The rulings of the court below were correct, and its judgment is affirmed.