[Ex parte Law.]

# Ex parte Law.

## Habeas Corpus.

(Decided June 30, 1911. 56 South. 79.)

1. *Extradition; Duty to Deliver; Review.*—If the Governor of Alabama is satisfied that the alleged criminal is a fugitive from justice of the demanding state, it is his duty to honor a requisition, and issue a warrant authorizing the arrest of the fugitive, upon the requisition of the Governor of a sister state, accompanied by a copy of an indictment charging the fugitive with an offense in the demanding state and certified by the Governor of the demanding state as authentic; and on habeas corpus for a discharge of such fugitive, the court need not consider an affidavit attached to the requisition, the sufficiency of which is questioned because of the absence of a showing of the office held by the person before whom the affidavit was made.

2. *Habeas Corpus; Extradition; Remedy of Fugitive.*—Where a person is arrested on extradition process he is entitled on habeas corpus to question the lawfulness of his arrest by showing that he was not a fugitive from the justice of the demanding state within the Federal Constitution and laws.

3. *Same; Evidence.*—On habeas corpus to be discharged from an arrest made on extradition proceedings under a charge of embezzlement in a sister state, the court hearing the petition may receive in evidence the statutes of the sister state defining embezzlement, as cumulative evidence that embzzlement is a crime in addition to that showed by the requisition with duly authenticated copy of indictment, charging embezzlement.

4. *Same; Return of Fugitive.*—Where an arrest is made on requisition proceedings in proper form, the court must refuse to grant a discharge of the fugitive on habeas corpus, in the absence of any evidence that he was not in fact a fugitive from justice of the demanding state.

5. *Evidence; Official Records; Certified Copy.*—Under section 3983, Code 1907, a requisition of the Governor of Florida made on the Governor of Alabama with a copy of the indictment duly authenticated by the Governor of Florida, becomes admissible in evidence when certified to by the Secretary of State of Alabama in his official capacity under the seal of the state, since the office of the Secretary of State is the proper place for such papers, and the Secretary of State is the proper custodian thereof.

6. *Same; Laws of Foreign State.*—Under Section 3988, Code 1907, the statutes of a sister state printed in a book purporting on its face to have been printed under the authority of such sate, are admissible in evidence without further proof as to their authenticity.

17 CA

[Ex parte Law.]

APPEAL from Houston Probate Court.

Heard before Hon. GEORGE LESLIE.

Application by Thomas J. Law for his discharge from custody on a warrant issued by the Governor on the demand of the Governor of a sister state in extradition proceedings. From a judgment denying the discharge petitioner appeals. Affirmed.

ESPY & FARMER, for appellant. The decisions controlling as to the matter of the jurisdictional facts contained in the warrant of the Governor being prima facie correct and presenting a case sufficiently strong to justify the trial court in holding the petitioner, seem to have been made without taking into consideration section 7023 and 7027, Code 1907.—*Campbell v. The State,* 52 South. 400; *Singleton's case,* 144 Ala. 105; *Young's case,* 155 Ala. 145. It is always permissible for the petitioner to show that he was not a fugitive from justice.—*Barriere's case,* 142 Ala. 72. Counsel insist that the court erred in admitting in evidence the statute of Florida without further authentication, and also erred in admitting copies of the extradition papers certified to by the Secretary of State of Alabama under the official seal.

R. C. BRICKELL, Attorney General, and WILLIAM L. MARTIN, Assistant Attorney General, for the State. The extradition papers were sufficient and the Governor's warrant stated the jurisdictional facts, and there was no evidence tending to show that the defendant was not a fugitive from justice, and hence, the court properly denied the petition.—*Young v. The State,* 155 Ala. 145; *Ex Parte State ex rel. Moore,* 72 Ala. 503; *Barricrie v. The State,* 142 Ala. 78.

DE GRAFFENRIED, J.—On the 17th day of June, 1910, the Governor of Florida made a requisition upon the Governor of Alabama for the arrest of appellant and for his extradition from the state of Alabama to the state of Florida upon the ground that appellant was charged in the state of Florida with the crime of embezzlement, and was a fugitive from justice, and had taken refuge in the state of Alabama. Attached to the requisition were what purported to be an affidavit made by one Hickman before one Hatheway, in which he states that appellant "is charged by affidavit, a certified copy of which is attached, with the crime of embezzlement committed on or about July 28, 1908, in the county of Holmes, state of Florida, and is a fugitive from justice and is in the state of Alabama," and a copy of an indictment which purported to have been found by the grand jury of Holmes county, Fla., against appellant for the embezzlement of $40, on the 28th day of July, 1908. The requisition of the Governor of Florida contains a certificate that the documents attached to it were authentic. The affidavit of Hickman, above referred to, does not, in its body or elsewhere, describe Hatheway, and there is nothing in the papers indicating what, if any, office Hatheway held under the laws of Florida. The above were all of the documents attached to the requisition of the Governor of Florida upon the Governor of Alabama, and, to be specific, there was not attached to it any paper purporting to be an affidavit charging appellant with embezzlement on or about the 28th day of July, 1908, or at any other time.

For the purposes of this opinion, we discard the alleged affidavit of Hickman from our consideration. It is not necessary for us to consider it for any purpose, nor do we do so. We have, however, unquestionably, before us the requisition of the Governor of Florida

upon the Governor of Alabama for the arrest and extradition of defendant, with a copy of an indictment certified by the Governor of Florida as authentic, and this was all that was necessary for the consideration of the Governor of Alabama in honoring the requisition and issuing the warrant authorizing the arrest of appellant. "It is the settled law of this state that a prima facie case is made when the return shows: A demand or requisition for the prisoner made by the executive of another state, from which he is alleged to have fled; a copy of the indictment found, or affidavit made before a magistrate charging the alleged fugitive with the commission of the crime, certified as authentic by the executive of the state making the demand; and the warrant of the Governor of Alabama authorizing the arrest."—*Young v. State,* 155 Ala. 145, 46 South. 580.

When the executive authority of a state whose laws have been violated makes a demand upon the executive of another state, producing at the time of the demand a copy of the indictment or affidavit certified as authentic, and made before a magistrate, charging the person demanded with a crime against the demanding state, and the executive upon whom the demand is made becomes satisfied, in any manner that he may deem satisfactory, that the alleged criminal has taken refuge in the state of which he is the chief executive, it becomes his duty to issue his warrant for the arrest of such alleged criminal, and authorize his extradition to the demanding state.—*McNichols v. Pease,* 207 U. S. 100, 28 Sup. Ct. 58, 52 L. Ed. 121.

The Governor upon whom such demand is made is without authority to issue his warrant of arrest, in the absence of a duly authenticated copy of the indictment or affidavit certified as authentic, as required

under section 5278 of the Revised Statutes of the United States (U. S. Comp. St. 1909, p. 3597), charging the alleged criminal with the violation of a criminal law of the demanding state.—*McNichols v. Pease, supra.*

The Governor upon whom such demand is made is not required to demand proof of the demanding state that the alleged criminal is a fugitive from justice, or that he is within the borders of his state. These matters he may determine for himself, either from the papers accompanying the requisition or from independent inquiries.—*McNichols v. Pease, supra.*

A person arrested in such proceeding is entitled, before his extradition, upon petition for writ of habeas corpus, to question the lawfulness of his arrest, and may show, if he can by legal evidence, that he is not, in fact, a fugitive from justice of the demanding state, within the meaning of the Constitution and laws of the United States.—*McNichols v. Pease, supra.*

On the 21st day of June, 1910, the Governor of Alabama honored the requisition, and issued a warrant authorizing the arrest of appellant and his delivery to H. E. Hickman, the duly authorized agent of Florida, for extradition. Appellant was arrested under said warrant and delivered to said Hickman, but, before he had reached the state of Florida with appellant, the appellant filed his petition for a writ of habeas corpus with the probate judge of Houston county, alleging that he was illegally restrained of his liberty, because the process under which he was arrested was void, and the appellant had not committed any crime against the laws of Florida, and was not a fugitive from justice.

Upon the hearing of the petition, the court, against the objection of the appellant, received in evidence

the said warrant of the Governor of Alabama and certified copies, made by the Secretary of State of Alabama under the seal of the state, of the above-described requisition of the Governor of Florida, of the alleged affidavit of Hickman and the indictment against appellant, and also, against the objection of appellant, certain alleged statutes of the state of Florida defining the crime of and providing for the punishment of embezzlement.

Section 3983 of the Cod provides that all transcripts or papers or books, or parts thereof, required by law to be kept in the office of a public officer, when certified by the proper custodian thereof, must be received in evidence in all courts; and section 3988 of the Code provides that public or private statutes, when printed in a book purporting on the face thereof to have been printed by the authority of any state or territory, are evidence without further proof. The requisition of the Governor of Florida, with the copy of the indictment duly authenticated attached, are, under our law, required to be kept in the office of the Secretary of State, and the Secretary of State is the proper custodian thereof. The certified copies of said requisition and its attached indictment, signed by the Secretary of State and certified by him in his official capacity, under the seal of the state, were therefore properly receivable in evidence on the hearing of this case.

The statutes of the state of Florida defining the crime of embezzlement and providing punishment therefor were also properly admitted in evidence. They were printed in a book which purported on its face to have been printed under the authority of the state of Florida, and, under the above section of the Code, were admissible in evidence without other proof as to their authenticity.

[Ex parte Law.]

In the case of *State of Alabama v. W. M. Currie,*
*Infra,* 56 South. 736, the petitioner for the writ of
habeas corpus was arrested upon a warrant of arrest
issued by the Governor of Alabama upon the requisi-
tion of the Governor of Oklahoma, demanding the ar-
rest and extradition of the petitioner for the crime of
embezzlement against the laws of Oklahoma, to which
requisition there was attached, not an indictment, but
an affidavit charging the petitioner with the crime of
embezzlement in the state of Oklahoma. In that case
as in this, the petitioner alleged that he had committed
no crime against the laws of Oklahoma, and was not a
fugitive from justice. The defendant was, on the hear-
ing of the petition by the trial court, granted his dis-
charge, because the only evidence introduced showing
authority for his arrest was the warrant of arrest of
the Governor of Alabama and a certified copy, prop-
erly certified under the seal of the state by the Secre-
tary of State, of said requisition of the Governor of
Oklahoma and said attached affidavit.

On appeal by the state from the order of the trial
court discharging said petitioner, there was, among the
members of this court, a division of opinion as to
whether the petitioner was entitled to his discharge,
embezzlement not being a crime at common law, and
this court, being unable to take judicial cognizance of
the statutes of Oklahoma, was in doubt as to whether
any evidence had been introduced showing that the
petitioner was, in fact, charged with any crime against
the laws of Oklahoma. The fact of this division of
opinion was by this court certified to the Supreme Court,
and the Supreme Court, in an opinion to this court,
held that the warrant of arrest of the Governor of
Alabama and the certified copy of the requisition of
the Governor of Oklahoma, stating that petitioner was

charged with the crime of embezzlement, and that information had been received that he was a fugitive from justice and had taken refuge in Alabama, with the attached copy of the affidavit charging the petitioner with the offense of embezzlement against the laws of Oklahoma, constituted prima facie evidence that embezzlement is a crime against the laws of Oklahoma, and authorized the arrest and extradition of the petitioner, in the absence of any evidence, on behalf of the petitioner, that embezzlement was not a crime against the laws of Oklahoma, or that he was not a fugitive from justice under a charge of embezzlement in the state of Oklahoma. In that case, as in the present case, the petitioner offered no evidence that embezzlement was not a crime against the laws of the demanding state and, pursuant to the opinion of the Supreme Court to this court, the judgment of the trial court discharging the petitioner was reversed and the cause remanded for further proceedings in accordance with that opinion.—*State of Alabama v. Currie,* Infra, 56 South. 736.

In this case, therefore, when the state introduced in evidence the warrant of arrest issued by the Governor of Alabama, the copy of the requisition of the Governor of Florida, and its attached copy of the indictment preferred by the grand jury of Holmes county, Fla., charging the petitioner with the crime of embezzlement and also introduced the statutes of Florida defining the crime of embezzlement and punishment therefor, it made out prima facie a legal cause for the detention of the petitioner and his extradition to the state of Florida. While, under our decisions, it was unnecessary for the state to have introduced in evidence the statutes of Florida defining embezzlement, that evi-

[Palmer v. The State.]

dence was cumulative evidence on the subject, and was properly receivable as such.

The requirements of the federal extradition statutes, as to the certificate by the demanding Governor of the requisition, were in this case complied with, and, in the absence of any evidence of the petitioner that he was not in fact a fugitive from justice of the state of Florida, the court properly refused to grant the petitioner his discharge.—*State of Alabama v. Currie, supra;* U. S. Rev. St. § 5278; 19 Cyc. 91.

The judgment of the court below is affirmed.

Affirmed.