# Shreve *v.* The State.

*Habeas Corpus.*

(Decided June 13, 1912.   59 South. 223.)

1. *Habeas Corpus; Requisition; Prima Facie Case.*—Where the sheriff's return shows that he held petitioner under a warrant issued by the governor of this state, issued on requisition of the governor of another state under a charge of obtaining goods under false pretenses, for which the petitioner has been indicted, and setting out a copy of the requisition with a copy of the indictment thereto attached, the introduction of a copy of such papers on file in the office of the secretary of state, signed by him and sealed with the great seal of the state, made out a' prima facie case against petitioner's right to discharge.

2. *Same.*—Where the indictment, the basis of the extradition, charged the obtaining of goods by false pretense or representation on June 15, 1909, petitioner did not show a right of discharge by showing that he was not at the place where the offense was charged to have been committed on the date specified, especially where he admitted that he was there on June 7, 1909, and had a conversation with

the firm charged to have been defrauded, concerning the property. It was competent to show that the offense had been committed on a date other than June 15.

3. *False Pretense; Commission of Offense; Time.*—Under a charge of obtaining goods on false representation of credit, or pecuniary condition, the gaining of the credit and not the shipment of the goods, constitutes the gravamen of the offense, and the guilt of such an offense is not affected by the fact that at the defendant's request the goods were not shipped to him at his place of business in Alabama until several days later.

. APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

J. H. Shreve brings habeas corpus for discharge from detention under requisition proceedings. From an order denying the petition, and remanding petitioner, he appeals. Affirmed.

L. A. SANDERSON, for appellant. The defendant was shown not to have been where he is alleged to have made the false pretense, and was, therefore, not a fugitive from justice.—*Ex parte State*, 73 Ala. 503; *Hyatt v. The People*, 188 U. S. 691; *Hartman v. Abeline*, 63 Ond. 344; 14 N. Y. 596. Although the return was regular, still petitioner may show that he was not a fugitive from justice.—*Singleton v. The State*, 144 Ala. 104; *State v. Curry*, 56 South. 736.

ROBERT C. BRICKELL, Attorney General, WM. L. MARTIN, Assistant Attorney General, and HILL, HILL, WHITING & STERN, for the State. A prima facie case was made out.—*Barriere v. The State*, 142 Ala. 72; *Ex parte Law*, 2 Ala. App. 257; *State v. Curry*, 2 Ala. App. 251; s. c. 174 Ala. 1. The defendant was conclusively shown to be a fugitive from justice. *Authorities supra*, and *Roberts v. Riley*, 116 U. S. 80; *In re Sulton*, 28 L. R. A. 294.

DE GRAFFENRIED, J.—Shreve was a large stockholder in the Union Mercantile Company, a corporation

which did a mercantile business in Greenville, Ala., and, at the same time, conducted another mercantile business in his own name in said town. Some time in April, 1909, he gave to a traveling salesman of Arnold, Henegar & Doyle, of Knoxville, Tenn., an order for over $3,-000 worth of shoes, to be shipped to said Union Mercantile Company. It was understood that the shoes were to be shipped in May, 1909, and shortly after the salesman was given the order the mercantile company received a letter from Arnold, Henegar & Doyle, acknowledging the receipt of the order, and stating that the goods would be shipped about May 20th. The goods were not shipped, however, and on the 7th day of June, 1909, the said Shreve was in Knoxville, Tenn., and there saw a member of the firm of Arnold, Henegar & Doyle, and on or about the 15th day of June the goods were shipped. Shreve appears to have left Knoxville on June 7th, and he testifies that he has not been in Knoxville, Tenn., since that time. There was testimony tending to show that Shreve received a telegram while in Knoxville, on the day above mentioned, announcing the death of his sister-in-law in Andalusia, Ala., and that he immediately returned to Alabama to attend her funeral.

At the November term, 1911, of the criminal court for Knox county, Tenn., the grand jury of said county—the county in which Knoxville is situated—returned an indictment against Shreve, charging that Shreve, on, to-wit, June 15, 1909, by making a false representation as to his financial condition "feloniously and fraudulently obtained from M. D. Arnold, Edward Henegar and I. E. Doyle" the shoes above referred to. On the 11th day of April, 1912, the Governor of Tennessee made a requisition upon the Governor of Alabama for the arrest of Shreve and for his extradition from the State of Ala-

[Shreve v. The State.]

bama to the State of Tennessee, upon the ground that Shreve was charged with the crime of obtaining goods under false pretenses; had fled from the State of Tennessee, and had taken refuge in the State of Alabama. Attached to the requisition was a copy of the indictment above referred to; and the requisition of the Governor of Tennessee upon the Governor of Alabama contains a statement that the copy of the indictment is authentic.

Of course, the warrant of the Governor of Alabama, authorizing the arrest and extradition of Shreve to the State of Tennessee, was properly issued.—*Ex parte Law,* 2 Ala. App. 257, 56 South. 79; *State v. Curry,* 2 Ala. App. 251, 56 South. 736. When, therefore, the sheriff, in his return to the writ of of habeas corpus, stated that he held the petitioner by virtue of the warrant of arrest of the Governor of Alabama, issued upon the above requisition, setting out a copy of the requisition, with a copy of the indictment thereto attached, and the state introduced in evidence a copy of said requisition and indictment on file in the office of the Secretary of State, signed by the Secretary of State and sealed with the great seal of the State, a prima facie case was made out against the right of the petitioner to be discharged from custody.—*Ex parte Law,* 2 Ala. App., supra.

To overcome the case thus made out, the petitioner testified that he was not in Knoxville, Tenn., on June 15, 1909, but admitted, as we have already stated, that he was there eight days before that time, viz.: June 7, 1909. Undoubtedly the indictment grew out of the transaction had between the petitioner and Arnold, Henegar & Doyle about the shoes, to which we have above referred; and the indictment charges that the shoes were obtained from said parties by petitioner, because petitioner falsely represented to them that he was in good financial condition, when, in fact, he was insolvent. Pe-

titioner admits that he had a conversation with said firm in Knoxville on said June 7, 1909, about said shoes; and while he denies that he made any false representations, he nevertheless admits that he requested, in that conversation, that the shoes be shipped on or about June 15th, and that they were actually shipped on said day. There was, also, on this hearing the testimony of one of the members of the firm of Arnold, Henegar & Doyle, who testified that the indictment grew out of a transaction had between the petitioner and his firm while the petitioner was present in Knoxville, Knox county, Tenn. The name of this member of the firm appears as a witness for the State on the back of the copy of the indictment, which was introduced in evidence.

We refer to the above matters for the purpose of indicating that if, in truth, the petitioner obtained the goods by false representations, there was evidence tending to show that the petitioner was personally—not constructively—present in Knoxville, Tenn., when the offense was committed, if, in fact, one was committed. It is true that the indictment alleges that the offense was committed on June 15th; but this allegation is made under a videlicit, and, of course, the true date can be shown. We are therefore of the opinion that the trial judge was justified in holding that the petitioner was corporally present in Knoxville, Tenn., when the offense was committed, if it was committed. The mere fact that, at the request of the petitioner, the goods were not shipped until June 15th cannot affect the question. There was, as we have stated, evidence tending to show that if, in fact, the indictment was found upon evidence authorizing it, the *credit* upon which the goods were actually shipped was in fact obtained by petitioner while he was present, in person, in Knoxville, Tenn., through the fraudulent representations made by petitioner to

said firm while personally there. It is not the mere shipment of the goods which is the gravamen of the crime; it is the *false* and *fraudulent* representations which brought about the shipment which *constitute* the crime.

We find no error in the record. The judgment of the court below in affirmed.

PELHAM, J., not sitting.