(98 South. 359)

## DOSSETT v. STATE. (1 Div. 532.)

(Court of Appeals of Alabama. Dec. 18, 1923.)

**1. Criminal law ⬥201—Conviction in federal court of another state no bar to state prosecution.**

A conviction for a violation of the liquor laws in the federal court of another state is no bar to a prosecution for the same offense in a state court.

**2. Criminal law ⬥369(6)—Evidence of conviction in federal court inadmissible to show location of still.**

Evidence of a conviction in the federal court of another state for the offense of possessing a still is not admissible to show the "locus in quo" of the still was located in such state.

**3. Criminal law ⬥696(4)—Objection to testimony in form of motion to exclude held sufficient.**

Objection to testimony of a civil engineer as to a survey made by him, in the form of a motion to exclude after the witness had disclosed on cross-examination that his survey was predicated upon a copy of field notes, the correctness of which was not established, held sufficient.

**4. Criminal law ⬥564(2)—Proof must establish location of still within state beyond reasonable doubt.**

The state, seeking to establish the location of a still within the state by testimony as to a survey made from a starting point determined from a copy of field notes, must prove the correctness of the starting point and of the field notes beyond a reasonable doubt.

**5. Criminal law ⬥445—Copies of survey field notes admissible in evidence only when certified.**

Copies of field notes of the Surveyor General of the United States furnished by the Secretary of State pursuant to Code 1907, §§ 3982, 3983, are admissible in evidence only when certified by the proper custodian of the original record and under seal.

**6. Criminal law ⬥696(3) — Evidence shown incompetent by cross-examination should be excluded on motion.**

Evidence shown by subsequent cross-examination to be incompetent should be excluded on proper motion.

**7. Criminal law ⬥696(3)—Refusal to exclude testimony as to location of still held error.**

In a prosecution for possessing a still where the main issue is whether it was located within the state, refusal to exclude testimony of a civil engineer as to a survey made by him from a starting point determined from field notes furnished by the Secretary of State held error, where on cross-examination it developed that the field notes were uncertified and their correctness open to doubt.

**8. Criminal law ⬥437—Map of county admissible on issue of location of still.**

Where the main issue is the location of a still, the official map of the county is admissible, on which it is competent for defendant to point out the location of his place if he is familiar with it.

**9. Witnesses ⬥269(2)—Cross-examination of witness as to location of other still site, as to whether he found others than one testified to, held proper.**

In a prosecution for possessing a still located very near the state line on a little branch of a creek, where evidence disclosed that there were several such branches along both sides of the state line showing many wrecks of old stills, it was competent to cross-examine a witness who had testified as to the location of the still in question within the state as to whether he had found any other still sites.

**10. Witnesses ⬥268(1) — Wide latitude allowed on cross-examination.**

Wide latitude is allowed on cross-examination.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Vaudie Dossett was convicted of violating the prohibition law, and appeals. Reversed and remanded.

Brooks & McMillian, of Mobile, for appellant.

Copies of field notes are admissible in evidence only when properly certified. Code 1907, §§ 3983, 3984; Woodward v. State, 5 Ala. App. 202, 59 South. 688; Ex parte Law, 2 Ala. App. 257, 56 South. 79. If evidence admitted is shown on cross-examination to be incompetent, it should, on motion, be excluded. Theodore Land Co. v. Lyons, 148 Ala. 668, 41 South. 682; Davis v. Arnold, 143 Ala. 228, 39 South. 141; Rawleigh Med. Co. v. Hooks, 16 Ala. App. 394, 78 South. 310; Blalack v. Blacksher, 11 Ala. App. 545, 66 South. 863; McDonald v. Wood, 118 Ala.

589, 24 South. 86. The map of the county was admissible, and defendant, having stated he knew the facts, should have been permitted to point out thereon the location in question. Barker v. Mobile Elec. Co., 173 Ala. 28, 55 South. 364; Nelson v. Shelby, 96 Ala. 515, 11 South. 695, 38 Am. St. Rep. 116.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There is a wide latitude allowed in the cross-examination of witnesses, resting in the discretion of the court. May v. State, 16 Ala. App. 541, 79 South. 677. The rulings of the court on the evidence of Surveyor Durant were correct. Stewart Bros. v. Ransom, 204 Ala. 589, 87 South. 89. No objection to his testimony was on the ground that the field notes were not certified.

FOSTER, J. Appellant (defendant in the court below) was indicted for manufacturing prohibited liquors in Mobile county, to which charge he pleaded not guilty, and set up by special plea that he had already been convicted in the federal court of Mississippi for the same offense now charged. The state's demurrer to this special plea was sustained, and the case was tried on the plea of not guilty.

[1, 2] A conviction for the same offense in the federal court of Mississippi was no bar to a prosecution in Alabama. The special plea was no answer to the indictment, and the state's demurrer was properly sustained. Evidence of such conviction was not admissible for the purpose of showing the "locus in quo" of the still, as tending to show that it was located in Mississippi, nor was it material to any issue in the case.

The main point in dispute was whether the still which the defendant and others were charged with operating was located in Alabama or in Mississippi. The evidence showed the location on a little branch or head running out from what is known as "Flat creek," and that these little branches or heads are all along Flat creek swamp in both states, and that many of them show the wrecks of old stills on them. The evidence also showed that the location at which the still was found was very near the state line between Alabama and Mississippi. The evidence of the state in regard to the location of the still depended chiefly on the testimony of W. L. Durant, who personally knew nothing about the operation of the still, and knew the point where it was located only as pointed out to him by a state's witness Stringfellow, who was with the officers at the time the still was raided. Durant was a civil engineer and located the point which Stringfellow showed him as being in Alabama, from the written copy of the field notes which he said he received from the Secretary of State. On cross-examination the witness Durant testified that he had never been to the point before, that he got his starting point for the survey from a written copy of field notes he wrote to the Secretary of State for, and that without this copy he could not have gotten his starting point except by going back several miles for proof, which he did not do, and that if the notes were incorrect his survey was incorrect. Defendant moved to exclude the testimony of the witness as to his survey and the location of the still because the field notes were not proven to be correct. Neither the field notes nor a copy thereof were introduced in evidence. The witness Durant based his testimony as to the survey on the copy of what he called field notes. There was no evidence offered to show that the field notes were correct.

The defendant asked the court to give, and the court refused, written charge numbered 6, as follows:

"The court charges the jury that there is no evidence that the field notes from which Mr. Durant ran the survey were correct."

[3, 4] The defendant properly raised the objections to the various portions of Durant's testimony to the effect that his survey was based solely upon the copy of field notes which he received from the Secretary of State, which were not shown to have been duly certified copies, and which the witness could not testify were correct, by moving to exclude the testimony after these facts were developed on cross-examination. The insistence of the Attorney General that the objection in the form taken will not avail the defendant because he did not specifically state as his ground of objection that the field notes were not certified by the Secretary of State is not well taken. It was material to show the location of the still, it was material to show where the state line was located, the burden was upon the state to show by the evidence beyond a reasonable doubt that the location was in Mobile county; when the state offered to make this proof by a witness whose only knowledge was based upon a copy of field notes, objection being made that it was not shown that the field notes were correct and not shown that the starting point was correct, the burden was upon the state to show by the same measure of proof that the starting point was correct.

[5] It is the duty of the Secretary of State, upon the application of any person, to furnish certified copies of the field notes of the Surveyor General of the United States for the State of Alabama, deposited in his office, and such certified copies must be received in evidence in all courts. Sections 3982, 3983, Code 1907. Such copies are admissible in evidence only when certified by the proper custodian of the original record and under the seal of the officer. Woodward v. State, 5 Ala. App. 202, bottom page 205, 59 South. 688;

Ex parte Law, 2 Ala. App. 257, 262, 56 South. 79.

[6] If evidence is admitted and on cross-examination it develops that it is incompetent, the court should exclude it on proper motion. Theodore Land Co. v. Lyons, 148 Ala. 668, 41 South. 682; Davis v. Arnold, 143 Ala. 228, 39 South. 141; Rawleigh Med. Co. v. Hooks, 16 Ala. App. 394, 78 South. 310; Blalack v. Blacksher, 11 Ala. App. 545, 66 South. 863.

Where the correct location of a line is material in the trial of a case, a witness may testify to the line if he knows it; but if his subsequent testimony shows that his personal knowledge is based on hearsay or on the assumption of a fact he does not personally know to be true, his testimony on the point should be excluded on motion. McDonald v. Wood, 118 Ala. 589, 24 South. 86.

[7] The evidence of the witness Durant as to his survey of the line should have been excluded, and charge 6 requested by defendant should have been given.

[8] The official map of Mobile county was admissible in evidence. Barker v. Mobile Electric Co., 173 Ala. 28, 55 South. 364.

If the witness Dossett was familiar with the location of his place on the map of Mobile county, it was competent for him to point out its location. But we fail to find in the bill of exceptions the statement that he knew its location on the map. He testified that he knew where the state line was, and that part of his place was in Alabama and part in Mississippi.

[9, 10] The state's witness Durant had testified that he saw the wreck of a still in the head of a branch shown him by Stringfellow. The witness had no personal knowledge of the still involved in this suit. The testimony showed that there were many similar wrecks in heads of branches in that locality, and that the still site involved in this inquiry was surrounded by a wire fence. Durant testified that there was no wire fence around the still site Stringfellow showed him. Durant was examined solely on the question of the location of the still. It was competent for defendant on cross-examination to ask the witness if he found any other old still sites. A wide latitude is allowed on cross-examination. Amos v. State, 96 Ala. 120, 11 South. 424; 1 Mayf. Dig. 878, par. 14. When identity of place is a material inquiry, broad latitude will be allowed in the examination of a witness. Magee v. State, 32 Ala. 575.

There is no merit in the other exceptions reserved.

For the error indicated above, the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

---

(98 South. 361)

## Frank DOSSETT v. STATE of Alabama.
### (1 Div. 531.)

(Court of Appeals of Alabama. Dec. 18, 1923.)

Appealed from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Brooks & McMillian, of Mobile, for appellant.

Harwell G. Davis, Atty. Gen., for appellee.